UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMILIO HERRERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FL MUNICIPAL, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 25-40097-MRG |

ORDER
March 18, 2026

GUZMAN, D.J.

Plaintiff Emilio Herrera, a resident of Massachusetts, initiated this action by filing a *pro se* complaint. ECF 1. The complaint identifies the defendant as "municipal" with an address of 5750 Major Blvd. unit 100, Orlando, Florida 32819. ECF 1 at ¶ I(B). For the basis of jurisdiction, Herrera checks the box for diversity jurisdiction. *Id.* at ¶ II. He also asserts federal question jurisdiction under the Second Amendment to the United States Constitution. *Id.* at ¶ II(A). In the relief section of the complaint, he writes "monetize." *Id.* at ¶ IV. There are no factual allegations in the complaint, however, in the section of the civil cover sheet for describing the cause of action, Herrera states "involuntarily revoked conceal carry without ssi compensation (remote trial)." ECF 1-1 at ¶ VI (cause of action). Herrera provides a mailing address in Leominster, Massachusetts, *id.* at ¶ I(c), and in the complaint, states that he is "homeless." ECF 1 at ¶ I(A). With the complaint, Herrera filed an unsigned affidavit of indigency on a form used in the courts of the Commonwealth of Massachusetts. ECF 2.

The Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

When evaluating documents filed *pro se*, the Court is to construe these documents liberally and in favor of the drafter.  *See Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 15 (1st Cir. 1990) (stating the rule that "pro se pleadings are to be liberally construed, in favor of the pro se party").  As best can be gleaned from the submitted documents, Herrera seeks to challenge an order by the Florida Department of Agriculture and Consumer Services, Division of Licensing, revoking his permit for carrying a concealed weapon.[1]  Even with liberal construction, the complaint is subject to dismissal.

---

[1] An on-line search reveals that the Defendant's address in the complaint is the address for the Orlando Regional Office of the Florida Department of Agriculture and Consumer Services.  *See* https://www.fdacs.gov/Divisions-Offices/Licensing/Regional-Offices/Orlando-Regional-Office (last visited 3-12-2026).

As an initial matter, Herrera's complaint fails to present any factual allegations in support of his claim for relief.  In addition, Herrera cannot maintain a claim under 42 U.S.C. § 1983 against the defendant.  To state a claim under § 1983, a plaintiff must assert that a "person" acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. A state (including its agencies and departments) is not a "person" within the meaning of Section 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Although Herrera contends that this Court has jurisdiction based partly on diversity jurisdiction, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a).  A suit between a state (or state entities such as the defendant) and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction.  *See Moor v. Alameda*, 411 U.S. 693, 717 (1973) (stating that there is no question that a State is not a citizen for purposes of diversity jurisdiction); *see also University of R.I. v. A.W. Chesterton Co.*, 2 F.3d 1200, 1203 (1st Cir. 1993) (an entity that is an extension of the state is not a citizen for purposes of diversity). Here, Herrera cannot establish diversity jurisdiction because the defendant does not fit within any of the categories set forth in Section 1332(a).  *See In re Fresenius Granuflo/NaturaLyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 268, 273 (D. Mass. 2015) (noting that "as a matter of history, parties without any state citizenship, such as States, Indian tribes, or Americans domiciled abroad, have been treated as 'jurisdictional spoilers' whose mere presence in an action destroys complete diversity"). Thus, this Court does not have jurisdiction over the instant action based on diversity.

Finally, venue is not proper in the District of Massachusetts.  In the present context, the term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts."  28

U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case.  Under the general venue statute, venue is proper in a judicial district in which the defendants reside or in which "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).  Because the defendant in this action is located in Florida and the events giving rise to Herrera's claim occurred in Florida, venue does not exist in the District of Massachusetts.

Even with a generous reading of the complaint, it fails to state a claim upon which relief can be granted.  In light of the nature of the claims asserted, the Court finds that amendment would be futile.  *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* (ECF 2) is <u>DENIED</u>.

2.  This action is <u>DISMISSED</u> pursuant to the Court's inherent authority.

**So Ordered.**

 /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2026

4